[Civ. No. 15262.   First Dist., Div. Two.   Mar. 24, 1952.]

CROCKER FIRST NATIONAL BANK OF SAN FRAN-
CISCO, Respondent, v. CENTRAL AUTOMOTIVE
MAINTENANCE COMPANY (a Corporation) et al.,
Appellants.

Cathcart & Orr for Appellants.

Morrison, Hohfeld, Foerster, Shuman & Clark for Re-
spondent.

DOOLING, J.—[1] Respondent's motion to dismiss the
appeal from a judgment in its favor is based upon appellants'
failure to secure the preparation of any record on appeal.
The clerk's certificate shows that appellants' time to make
arrangements for the preparation of the record expired on
April 30, 1951.   It further shows that on April 26, 1951,
appellant Henry C. Pitman delivered to the clerk his per-
sonal check for the estimated cost of the clerk's and reporter's
transcripts, that on May 7, 1951, this check was returned to the
clerk by the bank with the notation "refer to maker," and that
on May 9, 1951, the clerk addressed and mailed a letter to

said Pitman at his residence in Palo Alto, California and to Dudley Harkleroad who was appellants' attorney in the trial court notifying them of the return of the check.

Significantly the affidavit of appellant Pitman is silent as to whether or not he received this letter from the clerk. He asks to be relieved from the default on the grounds that he has been suffering from the vestigial effects of a cerebral hemorrhage suffered in January, 1949, which he alleges resulted in his being ''unable to . . . appreciate the significance of the procedural steps required by the rules on appeal,'' and the fact that due to the withdrawal of his attorneys he had no legal advice. He further states in his affidavit:

''That affiant at the time he tendered his check in payment of the Clerk's estimate had funds on deposit with the (bank on which it was drawn) . . . that he had requested said bank to notify him when the said check was presented . . . but that said bank did not so notify him; that had said bank so notified him, he would then have made arrangements for honoring said check.''

There is a disputable presumption that the clerk's letter of May 9, 1951, which was addressed and mailed to appellant Pitman ''at Palo Alto, California, which is the place where he resides'' was received by him. (Code Civ. Proc., § 1963, subd. 24; 10 Cal.Jur., Evidence, § 81, p. 773.) If he did not receive this letter it was open to him to make that showing in his affidavit. Absent such showing we are justified in accepting the presumption which compels the conclusion that shortly after May 9, 1951, appellant Pitman was advised by the clerk's letter that his check had been returned to the clerk by the bank. Under such circumstances the failure of his bank to notify him of the presentment of his check for payment loses significance.

The motion for relief from default is denied and the motion to dismiss the appeal is granted.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied April 23, 1952, and appellants' petition for a hearing by the Supreme Court was denied May 22, 1952.